IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20237
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGELIO GUZMAN-JIMENEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-568-1
--------------------
August 21, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Rogelio Guzman-Jimenez ("Guzman") appeals his conviction and the 96-month sentence imposed following his plea of guilty to a charge of being found in the United States after deportation, a violation of 8 U.S.C. § 1326. Guzman contends that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment. Guzman acknowledges that his argument is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), but he

_____

    [*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

seeks to preserve the issue for Supreme Court review in light of the decision in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). *Apprendi* did not overrule *Almendarez-Torres*. *See Apprendi*, 530 U.S. at 489-90, 496; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 1214 (2001). Guzman's argument is foreclosed.

Guzman next challenges his indictment because it did not allege general intent as an element of the offense. We review Guzman's indictment under a *de novo* standard of review. *See United States v. Berrios-Centeno*, 250 F.3d 294, 296 (5th Cir. 2001). Section 1326, 18 U.S.C., is a general intent offense. *United States v. Guzman-Ocampo*, 236 F.3d 233, 238-39 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 2600 (2001). General intent to re-enter the United States "may be inferred by the fact that a defendant was previously deported and subsequently found in the United States without consent." *Berrios-Centeno*, 250 F.3d at 299 (citations, internal quotations, footnotes, and ellipsis omitted).

Guzman's indictment sufficiently alleged the general intent *mens rea* required of 18 U.S.C. § 1326 offenses because the indictment alleged that he was deported, removed, and subsequently present without consent of the Attorney General. *See Berrios-Centeno*, 250 F.3d at 299-300. The judgment of the district court is AFFIRMED.